In re HOUSE.

(District Court, E. D. New York. August 7, 1900.)

BANKRUPTCY—GROUNDS FOR REFUSING DISCHARGE.

It is no ground for refusing a discharge to a bankrupt that he did not include in his schedules a claim against his wife on account of a gift made her several years before his bankruptcy, and which was valid as to him and all his creditors except one, who might have maintained a suit to set it aside as to him.

In Bankruptcy. On application by bankrupt for discharge.

J. Stuart Ross, for bankrupt.
John Henry Hull, for creditor.

THOMAS, District Judge. The bankrupt gave to his wife two checks, one on December 28, 1893, and one on December 30, 1893, amounting to the sum of $11,491.83. He should have used the money, so far as necessary, to pay one Moore, the creditor now opposing his discharge upon the ground, so far as concerns this item, that he should in some proper form have included this transaction in his schedules. The gift to the wife was in fact in fraud of the right of Moore as creditor, and could have been reached by him in a proper creditor's action. But, subject to satisfaction of Moore's claim, the gift was valid. What asset should the bankrupt have placed in his schedules? A claim against his wife? He could not have recovered the money, whether his gift was made in fraud of his creditors or otherwise. The cause of action for such recovery was in the creditor, and the gift could be avoided only at the instance of the creditor. As to all other persons, including the donor, the gift was valid. For some six years the laws of New York have furnished the creditor a remedy, which he has not made available. While the matter is not beyond doubt, it seems logical that a bankrupt should not be denied a discharge because a gift to his wife might be avoided by a creditor, when the gift was made several years before the enactment of the bankruptcy act, and hence without possible intention to evade its provisions. It may be the duty of the trustee to recover the money, but it will be observed that such recovery could be for the benefit of Moore alone, and only to the extent necessary to extinguish his debts, and not for the purposes of general administration under the bankruptcy act; that is, the trustee may do for Moore's sole benefit what at any time since the time of gift Moore could have done for himself.